VIRGINIA:
IN THE CIRCUIT COURT FOR THE ISLE OF WIGHT COUNTY

DONALD STORER, )
and )
GAIL STORER, )
         Plaintiffs, )
)
v. ) Case No.: 2:07cv316
)
BUCKEYE CHECK CASHING OF VIRGINIA, INC., )
d/b/a CHECKSMART, )
         Defendant. )

FILED MAY - 8 2007 CLERK, U.S. DISTRICT COURT NORFOLK, VA

## ANSWER

Without waiving its right to compel arbitration, Defendant, Buckeye Check Cashing of Virginia, Inc., d/b/a CheckSmart ("CheckSmart"), by counsel, states as follows as its Answer to the Complaint of Plaintiffs, Donald Storer and Gail Storer:

1. To the extent that the argument in Paragraph 1 of the Complaint calls for a response, defendant asserts that the Payday Loan Act speaks for itself. Defendant denies all allegations contained in Paragraph 1 of the Complaint that are inconsistent with the Payday Loan Act or which allege any violation of that Act by Defendant.

2. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore denies them.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits that the Plaintiffs had accounts with CheckSmart, but states that those accounts continued to January 2, 2007, when payment on those accounts was due.

5. Defendant admits that the Plaintiffs obtained loans from CheckSmart each month from January 2006 to December 2006, but defendant lacks sufficient information to admit or deny the purpose of the loans and therefore denies the remaining allegations in Paragraph 5 of the Complaint.

EXHIBIT C

6. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint and therefore denies them.

7. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies them.

8. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 8 of the Complaint and therefore denies them.

9. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore denies them.

10. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies them.

11. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint and therefore denies them.

12. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies them.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that the letter dated January 11, 2007 attached to the Complaint as Exhibit A speaks for itself. Any remaining allegations in Paragraph 15 are denied.

16. Defendant admits that the letter dated February 5, 2007 and attached to the Complaint as Exhibit B speaks for itself. Any remaining allegations in Paragraph 16 are denied.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint to the extent that Defendant attempted to reach the Plaintiffs by telephone on the stated date,

however none of the calls went through or were disconnected and no conversations took place and no messages were left. Any remaining allegations in Paragraph 17 are denied.

18. Defendant admits the allegations contained in Paragraph 18 of the Complaint to the extent that multiple attempts were made to reach the Plaintiffs by telephone in the stated time period, however the vast majority of the calls never went through or were disconnected.

19. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint and therefore denies them.

20. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint and therefore denies them.

21. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint and therefore denies them.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits that the letter dated February 7, 2007 and attached to the Complaint as Exhibit C speaks for itself. Any remaining allegations in Paragraph 25 are denied.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits that it continued calling the Plaintiffs until February 15, 2007 because of the reasons set forth in Mr. Ross' March 27, 2007 letter, attached as Exhibit D.

28. Defendant admits that the letter dated March 27, 2007 and attached as Exhibit D to the Complaint speaks for itself. Any remaining allegations in Paragraph 28 are denied.

29. Defendant admits that the information contained on the Community Financial Services Association of America website speaks for itself. Any remaining allegations contained in Paragraph 29 are denied.

30. Defendant admits that the information contained on the Community Financial Services Association of America website speaks for itself. Any remaining allegations contained in Paragraph 30 are denied.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

## ADDITIONAL RESPONSES

35. Defendant denies all allegations of Plaintiffs' Complaint not expressly admitted herein.

36. Defendant denies that Plaintiffs are entitled to the relief requested in the Complaint or entitled to any other relief upon any theory or in any amount.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are subject to binding arbitration.

2. Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

3. Plaintiffs fail to state a claim for which relief can be granted.

4. Plaintiffs have breached the contracts with the Defendant.

5. Plaintiffs' claims are subject to recoupment pursuant to Virginia Code § 8.01-422.

6. Defendant reserves the right to rely on any other affirmative defenses that may arise in the course of this litigation.

WHEREFORE, Defendant CheckSmart prays that Plaintiffs' Complaint be dismissed with prejudice and for such other relief as the Court may deem appropriate.

BUCKEYE CHECK CASHING OF VIRGINIA,
INC. d/b/a CHECKSMART

By: _____
               Counsel

Brian R. M. Adams (VSB #32857)
Joel C. Hoppe (VSB #48395)
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
P.O. Box 1555
Richmond, VA 23218-1555
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document was sent this 4th day of May, 2007 by first class mail to:

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803

_____
               Counsel